PROB 12C
(6/16)

ECF No. 256.
Report Date: August 26, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Corina Marie Wendel           Case Number: 0980 4:20CR06027-SAB-2

Address of Offender: ▉▉▉▉▉▉▉▉▉▉  Richland, Washington 99352

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: December 7, 2022

| | |
|---|---|
| Original Offense: | Distribution of 50 Grams or More of Actual (pure) Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) |
| Original Sentence: | Prison - 36 months; TSR - 36 months |
| | Type of Supervision: Supervised Release |
| Revocation Sentence: (July 1, 2025) | Prison - Time served (17 days) TSR - 36 months |
| Asst. U.S. Attorney: | Michael Davis Murphy |
| | Date Supervision Commenced: July 3, 2025 |
| Defense Attorney: | Craig Webster |
| | Date Supervision Expires: July 2, 2028 |

## PETITIONING THE COURT

To issue a warrant.

On July 31, 2025, after completing inpatient treatment, a probation officer met with Ms. Wendel and reviewed her judgement and sentence, to include all conditions of supervised release. She signed a copy of said conditions, memorializing her understanding of the conditions to which she was subject, and was provided a copy for her reference and records.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by ingesting cocaine on or about August 6, and 8, 2025. |
| | On August 6, 2025, Ms. Wendel submitted a urine sample for testing at Life Renewal in Pasco, Washington, which was presumptive positive for cocaine. Ms. Wendel initially denied any drug use, and the sample was sent to the laboratory for analysis, where it was |

    later confirmed positive for cocaine. On August 11, 2025, Ms. Wendel met with the probation officer and signed a written admission indicating she had used cocaine on August 6, and 8, 2025.

2    **Special Condition # 5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

    **Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by consuming alcohol on or about August 8, 2025.

    On August 11, 2025, Ms. Wendel met with the probation officer and verbally admitted to having attended a party on or about August 8, 2025, where she consumed alcohol in addition to cocaine, as noted in the supporting evidence for violation number 1. While no written admission was obtained for her alcohol use, the sample was sent to the laboratory for analysis and was later confirmed positive for alcohol.

3    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

    **Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by ingesting cocaine, methamphetamine, and fentanyl between on or about August 9, and 12, 2025.

    On August 12, 2025, Ms. Wendel submitted a urine sample for testing at Life Renewal in Pasco, which was presumptive positive for cocaine, methamphetamine, fentanyl, and alcohol. Ms. Wendel signed a written admission indicating use of all the aforementioned substances; however, laboratory results confirmed the presence of cocaine, fentanyl, and methamphetamine only.

4    **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

    **Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by failing to notify the probation officer of a change in her residence within 72 hours of the change on August 11, 2025.

    On August 14, 2025, a third-party called the probation officer and informed that Ms. Wendel had been asked to leave her Oxford sober-living residence due to a positive urinalysis. During a scheduled office appointment on August 15, 2025, the probation officer confronted Ms. Wendel about her living situation. She indicated she assumed the probation officer knew that she was asked to leave the Oxford house after she had tested positive for controlled substances on or about August 11, 2025. It was then that Ms. Wendel admitted she was no

longer residing at the sober-living residence and had moved in with her brother in Richland, Washington.

5     **Special Condition # 3:** You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by failing to report for her scheduled treatment session at Life Renewal on August 19, 2025.

During an office visit on August 21, 2025, Ms. Wendel admitted she failed to attend treatment on August 19, 2025. Staff at Life Renewal confirmed Ms. Wendel failed to attend treatment that day, and she did not communicate her absence with the provider.

6     **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by failing to report to the probation officer as instructed on August 20, 2025.

During a phone call with Ms. Wendel on August 15, 2025, she was reminded by the probation officer of a previously scheduled office appointment for August 20, 2025, at 1:30 p.m. Ms. Wendel failed to report as required on the specified date and time. The probation officer attempted to contact her via phone, but was unable to reach her. The probation officer sent a text message to Ms. Wendel's phone advising her that she missed her appointment and instructed her to report the following morning, which she did. She admitted missing her appointment on August 20, 2025, as she had relapsed.

7     **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by ingesting cocaine and methamphetamine on or about August 19, 2025.

Ms. Wendel reported to the probation office on August 21, 2025, after failing to appear the day prior. She readily admitted to the probation officer that she had used methamphetamine and cocaine on August 19, 2025, and signed a written admission form to that effect.

8     **Special Condition # 1**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

Prob12C
**Re: Wendel, Corina Marie**
**August 26, 2025**
**Page 4**

        **Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by failing to report for her scheduled mental health treatment appointment on August 21, 2025.

        Ms. Wendel was previously scheduled for a mental health treatment appointment with Ken Schafer on August 21, 2025. She acknowledged this appointment during an office appointment with the probation officer that same morning. Later that evening, the provider informed the probation officer via email that Ms. Wendel failed to appear for her appointment.

9        **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

        **Supporting Evidence**: Ms. Wendel is considered to be in violation of her term of supervised release by failing to report to the probation officer as instructed on August 25, 2025.

        Ms. Wendel was scheduled to report to the probation office on the morning of August 25, 2025. She communicated to the probation officer that she was having work done on her vehicle and requested she be allowed to report that afternoon. Her appointment was subsequently moved to 1 p.m. that same day. At 1:35 p.m., the probation officer called Ms. Wendel as she had not yet reported. Ms. Wendel indicated she had fallen asleep but was in route to the probation office. Ms. Wendel subsequently failed to appear at the probation office as instructed, and the probation officer has since been unable to reach her.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

| Executed on: | August 26, 2025 |
|---|---|
| | s/Ashleigh Miller |
| | Ashleigh Miller<br>U.S. Probation Officer |

Prob12C
Re: **Wendel, Corina Marie**
**August 26, 2025**
**Page 5**

THE COURT ORDERS

- [ ] No Action
- [X] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

_____
Signature of Judicial Officer

8/26/2025
Date